```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/2/2019__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILHELMINA "MINA" MONTGOMERY,

                Plaintiff,

      -against-

AGNIESZKA HOLLAND, et al.,

                Defendants.

17-CV-3489 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      On May 9, 2017, Plaintiff commenced this matter by filing her complaint. (Doc. 1.) Because Plaintiff, who is pro se, was granted in forma pauperis status, I entered an Order of Service directing the U.S. Marshals Service to assist Plaintiff with service of the Complaint. (Doc. 6.) On November 7, 2017, Plaintiff filed an Amended Complaint, (Doc. 9), and I entered an Amended Order of Service, (Doc. 10). The U.S. Marshals were unable to effect service on numerous Defendants named in the Complaint and Amended Complaint based on the service information provided by Plaintiff. (*See, e.g.*, Docs. 12–14, 16, 20, 32, 34, 56.)

      On February 7, 2018, I granted Plaintiff an extension of 90 days, until May 10, 2018, to serve the Defendants in this case, and also gave Plaintiff permission to file a second amended complaint for the limited purpose of "naming Lionsgate Television as a Defendant in this matter." (Doc. 31.) On April 18, 2018, Plaintiff filed the Second Amended Complaint which not only added Lionsgate Television as a Defendant but also included nearly one hundred pages of additional material. (Doc. 51.)

      On May 18, 2018, I held a status conference in this matter. Following the conference, I entered an Order giving Plaintiff another opportunity to provide the Court with alternative addresses for those parties that had not yet been served so that I could enter an amended order of

service.  (Doc. 68.)  On June 26, 2018, Plaintiff submitted a letter containing service information for all Defendants.  (Doc. 70.)  Plaintiff's letter contained new service information for Defendant Cinestar Pictures but provided no new service information for any of the other remaining Defendants who have not been served.  Accordingly, it is hereby

ORDERED that, because Plaintiff failed to follow my instructions to only "nam[e] Lionsgate Television as a Defendant in this matter," I will not consider the Second Amended Complaint and it shall be stricken from the record.  Instead, the First Amended Complaint, (Doc. 9), shall serve as the operative pleading in this matter.

IT IS FURTHER ORDERED that, because Plaintiff has been given at least three opportunities to provide the Court with service information for the Defendants named in this action, but has failed to do so for certain Defendants, the following parties are dismissed from this action:  Agnieszka Holland, David Stern, Cicely Saldana, Lionsgate Television, Tom Patricia, Federation Entertainment, and Kasia Adamik.

Defendant Liaison Films is a foreign entity.  The U.S. Marshals Service cannot assist with service of foreign entities.  *See Cross v. State Farm Ins. Co*., No. 3:10-CV-1179 (TJM/DEP), 2011 WL 13234729, at *2 n.3 (N.D.N.Y. Nov. 7, 2011).  Plaintiff shall have until August 30, 2019 to serve Liaison Films through the Hague Service Convention or the appropriate international means of service.

An amended order of service with regard to Cinestar Pictures will be filed concurrently with this Order.

The Clerk of Court is directed to strike the Second Amended Complaint, (Doc. 51), from the docket and mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated:  May 31, 2019
        New York, New York

_____
Vernon S. Broderick
United States District Judge